**FILED**

SEP 1 8 2013

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CITY OF CHICAGO,                              )
a municipal corporation,                      )
                                              )
                    Plaintiff,                )
                                              )
            .v.                               )     1:13-cv-06693
                                              )     Judge Charles P. Kocoras
Bryan Armstrong, *et al.*,                    )     Magistrate Judge Mary M. Rowland
                                              )
                    Defendants.               )

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.
### 1331,1391(a)(2),1391(c)(1)(2),1391(b)(3),1441(c)(2),1446(1),1446(b),1446(2)(a),
### 1446(c)(1),1446(c)(2),1446(c)(3)(A),1446(c)(B),1332(a), 1441(B)(2),1446(c)(2)(A)

Now comes the defendant Bryan and Darice Armstrong (husband and wife) and in want
of counsel and move this Honorable Court in notice of removal. On September 17, 2013
Federal Judge Sharon Johnson Coleman, remanded a previous case of notice of removal
(13cv05727) for lack of subject matter jurisdiction under the old cited rule of 28 U.S.C.
1441(a). The defendant believe that they have met their burden when it comes to
removal under the newly enacted Federal Court Jurisdiction and Venue Clarification,
known as the (ACT) enacted in January 2011. In support of this motion the defendant
states as follows:

## Facts

A.  The plaintiff (the City of Chicago) filed a complaint against the
    defendant (Bryan Armstrong) in April 2, 2012.

B.  In July of 2012, the defendant was served a summons by a Chicago police officer, Eddie Jones, from the city's law department.

C.  My wife( Darice Armstrong) who is a named party to this suit, was not served a summons or complaint by the plaintiff.

D.  The plaintiff petitioned the court to appoint a special and limited receiver.

E.  The plaintiff filed a motion and it was granted July 30, 2013, to have the subject property vacated and boarded up with the ultimate purpose of securing a judicial deed to the property.


# ARGUMENTS


1.  The plaintiff brought this action under the guise of enforcing the municipal ordinances of the City of Chicago.

2.  The plaintiff structured the complaint in a fashion as to thwart and avoid federal scrutiny.

3.  The plaintiff brought this action with the ultimate goal of dispossessing the defendant out of the subject property and petitioning state court for a judicial deed.

4.  Chicago Police Officer Eddie Jones of the city's law department was not authorized under state law to serve process.

5.  The service upon the defendant violates the defendant civil rights of due process.

6.  The plaintiff acted in bad faith as to deem this action anything but a civil action.

7.  By taking this action in such a way that the plaintiff did brings into play the amount in controversy.

8. The plaintiff enjoined the defendant as to prevent later joined defendants from removal from state court.

# Relief

A. Find that the plaintiff acted in bad faith 1446 (c) (1).

B. Find that the plaintiff fashioned the complaint to avoid federal scrutiny.

C. Find that the plaintiff violated rule 28 U.S.C. 1441 (b)(2).

D. Find that the defendant has met his burden when it comes to amount in controversy pursuant to rule 1332 (a).

E. Find that this court has jurisdiction over the amount in controversy pursuant to rule 1446 (c) (3) (A).

F. Find that the thirty-day rules governing the earlier served defendant does not apply here.

G. Find that the one-year limit in diversity does not apply here.

H. Find that the defendant has met his burden by a preponderance to move forward with this complaint.

I  TRIAL BY JURY Ba

# FEDERAL LAW

The defendant contends that the plaintiff violated the defendant's civil rights as protected by the Constitution and Laws of the United States under 42 U.S.C. 1983,1985, and 1986, 18 U.S.C. 1621. The court has jurisdiction under 28 U.S.C.1343 and 1367.

WHEREFORE, Defendant prays that this Honorable Court grants his petition for relief of compensatory and punitive damages and whatever else this Honorable Court deems fair and equitable pursuant to 42 U.S.C. 1988.

Sincerely,

Bryan Armstrong

Darice Armstrong

3216 W. Fulton
Chicago IL 60624
(312) 388-9192

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

### 12M1  401040

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) | Case No. |
| Plaintiff | ) | Amount claimed per day          5,500.00 |
| V | ) | Address: |
| BRYAN ARMSTRONG | ) | 3216 - 3216 W FULTON BLVD CHICAGO IL |
| DARICE ARMSTRONG | ) | 60624- |
| AEGIS FUNDING CORP. | ) | |
| JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUTUAL BANK FA | ) | |
| MORTGAGE ELELCTRONIC REG SYSTEMS INC. AS NOMINEE FOR AEGIS FUNDING CORP. | ) | |
| Unknown owners and non-record claimants | ) | |
| Defendants | ) | |

## COMPLAINT FOR EQUITABLE AND OTHER RELIEF

Plaintiff, City of Chicago, a municipal corporation, by Stephen Patton, Corporate Counsel, by the undersigned Assistant(s) Corporation Counsel, complains of Defendants as follows:

### Count I

1. Within the corporate limits of said city there is a parcel of real estate legally described as follows:

     16-11-405-084

     LOT 8 IN BLOCK 6 IN SUBDIVISION OF THE SOUTH 1/2 OF BLOCK 6, TOGETHER WITH THE NORTH 1/2 OF BLOCK 7, IN TYRELL, BARRETT AND KERFOOT'S SUBDIVISION OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 11, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

     Commonly known as

     3216 - 3216 W FULTON BLVD CHICAGO IL 60624-

     and that located thereon is a

     2     Story(s) Building

     2     Dwelling Units

     0     Non-Residential Units



```
***********************************
* THIS FORM MUST BE RETURNED WITH *
* CASHIERS CHECK OR MONEY ORDER   *
***********************************
```

Defendant Name:  ARMSTRONG BRYAN

Defendant Phone:  312-388-9192

Date:  10/30/2012

```
***************************************
*  TEMPORARY WAIVER OF APPEARANCE FEE  *
***************************************
```

Case No:  12-M1-401040        Amount:      $5,500.00        Return Date:  **********

Appearance fee of $186 is temporarily waived.  If this fee is not paid
within the designated time, a Default judgement may be entered against
you for the amount of the suit.
General Order No. 69-21(M))

> E. Kenneth Wright
> Presiding Judge
> First Municipal District

Payment should be MAILED to:
Clerk of the Circuit of Cook County
Richard J. Daley Center
50 W. Washington Street, Room 602
Chicago, IL  60602

If PAYING IN PERSON, please go to the Accounting Dept, room 1005

Always give the case number when communicating with the Clerk:

Approved by:  _____

(Note: Waivers for suits filed for more than $10,000 require a judge's
approval, which may be obtained in room1301)

```
***********************************
* THIS FORM MUST BE RETURNED WITH *
* CASHIERS CHECK OR MONEY ORDER   *
***********************************
```

2. That at all times pertinent thereto on information and belief the following named defendants owned, maintained, operated, collected rents for, or had an interest in the said property on the date(s) herein set forth.

BRYAN ARMSTRONG , OWNER

DARICE ARMSTRONG , OWNER

AEGIS FUNDING CORP. , MORTGAGE HOLDER

JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUTUAL BANK FA , MORTGAGE HOLDER

MORTGAGE ELELCTRONIC REG SYSTEMS INC. AS NOMINEE FOR AEGIS FUNDING CORP. , MORTGAGE HOLDER

Unknown owners and non-record claimants

3. That on 12/16/2011 and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of City of Chicago as follows:

1          CN196029

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way. (13-12-030)

No owner's / management sign posted.

Location:   OTHER  :   :Building                                                    SEQ #: 001

2          CN067014

Failed to maintain roof in sound condition and repair, watertight and free from defects. (13-196-530, 13-196-530(c) and 13-196-641)

Bay roof - rotted wood, missing facia and eaves.

Location:   EXTERIOR:S  :South elevation                                    SEQ #: 002

3          CN061014

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641)

Washed out mortar various locations throughout.

Location:   EXTERIOR:S  :South elevation                                    SEQ #: 003

4          CN062014

Failed to maintain the parapet wall and coping in good repair and free from cracks and defects. (13-196-530, 13-196-530(e) and 13-196-641)

Parapet wall and coping stones - leaning outwards, missing, spalling bricks and washed out mortar. Coping stones shifted and washed out mortar.

Location:   EXTERIOR:E  :East elevation                                      SEQ #: 004

5          CN070014

Failed to maintain exterior stairways in safe condition and in sound repair. (13-196-570, 13-196-641)

Spalled concrete treads.

Location:   EXTERIOR:S  :Front stairs to 1st floor                          SEQ #: 005

6          CN070034

Failed to rebuild or replace dilapidated and dangerous porch. (13-196-570, 13-196-641)

1. Dangerous and hazardous conditions - porch system is pulling away from building.
2. Rotted wood throughout.
3. 6x6 columns resting on loose and shifting stones.
4. Foundation status unknown.
5. Beam to column connections inadequate.
6. Lookout beams over spanned.
7. Lookout beams missing tie straps.
8. Stair stringers inadequtely supported.
9. Stair stringers improperly cut.
10. Stair treads undersized.
11. 2x8 joist over spanned.
12. Guardrails under 42 inches in height.
13. Plans and permit required.

Location:    EXTERIOR:N   :Rear porch                            SEQ #: 006

7          CN063014

Failed to maintain chimney in safe and sound working condition. (13-196-590, 13-196-530(b) and (c), 13-196-641)

All chimneys - missing, spalling bricks and washed out mortar.

Location:    OTHER  :  :3 chimneys                               SEQ #: 007

8          CN138106

Remove and stop nuisance. (7-28-060)

Abandonded box truck in rear yard.

Location:    OTHER  :  :Rear yard                                SEQ #: 008

9          CN138056

Remove accumulation of refuse and debris and keep premises clean. (13-196-580, 13-196-630)

Junk and debri throughout rear yard.

Location:    OTHER  :  :Rear yard                                SEQ #: 009

10         CN190019

Arrange for inspection of premises. (13-12-100)

No response, unverified detectors, conditions and occupancy. Unable to verify complaint of only one exit from basement.

Location:    INTERIOR:-1  :Interior of building                 SEQ #: 010

11         NC2021

Performed or allowed work to be performed erecting, enlarging, altering, repairing, removing or demolishing a building or part of a building without a permit. (13-12-050, 13-32-010, 13-32-130)

No permit on file for installing wrought iron fence and gate.

Location:    OTHER  :  :Rear fence                               SEQ #: 011

*** End of Violations ***

4. That Michael Merchant is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s) to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

5. That this proceeding is brought pursuant to the provisions of the Municipal Code of Chicago, and Chapter 65, Section 5/11-31-1, 5/11-31-2, and 5/11-13-15 of the Illinois Compiled Statutes, as amended.

Wherefore, plaintiff prays for a fine against the defendants, as provided under 13-12-020 of the Municipal Code of Chicago, in the amount indicated on the heading of the Complaint for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

## Count II

Plaintiff, City of Chicago, a municipal corporation, realleges the allegations of paragraphs one through five of Count I as paragraphs one through five of Count II and further alleges:

6. That the levying of a fine is not an adequate remedy to secure the abatement of the aforestated municipal code violations and the public nuisance which they constitute, and that it is necessary that a temporary and permanent injunction issue and, if necessary, that a receiver be appointed, to bring the subject property into compliance with the Municipal Code of Chicago.

7. That Michael Merchant, the Commissioner of the Department of Buildings, City of Chicago, has determined said building does not comply with the minimum standards of health and safety set forth in the Building Code.

WHEREFORE, PLAINTIFF PRAYS:

a. For a temporary and permanent injunction requiring the defendants to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2 and 5/11-13-15 and 13-12-070 of the Municipal Code.

b. For the appointment of receiver , if necessary, to correct the conditions alleged in the Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

c. For an order authorizing the plaintiff to demolish, repair, enclose or clean up said premises, if necessary, and a judgment against defendants and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

d. If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes as amended and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

e. If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

f. For reasonable attorney fees and litigation and court costs.

g. For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

CITY OF CHICAGO, a municipal corporation

By: _____

ASSISTANT CORPORATION COUNSEL

## VERIFICATION

The undersigned, being first duly sworn on oath, deposes and says that he/she is the duly authorized agent of the plaintiff for the purpose of making this affidavit; that he/she has read the above and forgoing complaint, and has knowledge of the contents thereof, and that matters set out therein are true in substance and in fact, and as to matters alleged on information and belief that he/she believes them to be true.

Subscribed and sworn to before me this _24th_ Day of _Feb_ 20_13_

By: _Doris Logan_

_____

Deputy Circuit Court Clerk or Notary Public

OFFICIAL SEAL
DORIS LOGAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES ?8/ ?

For further information Contact: Department of Buildings
Public Information Desk (312) 744 3400

**Stephen Patton**
Corporation Counsel
Attorney for Plaintiff

By: _____

Assistant Corporation Counsel
30 N LaSalle St. 7th floor
Chicago, Illinois 60602
Atty. No 90909
(312) 744-8791

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CITY OF CHICAGO

v.

BRYAN ARMSTRONG

No. 12 MI-401040

## NOTICE OF MOTION

To: Corporation Counsel
30 N. LaSalle Rm 700
Chicago IL 60602

On Aug 13, 2013, at 11:00 a.m. p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela Gillespie Rm 1105 or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at 50 W. WASHINGTON Chicago ILLINOIS 60602, Illinois, and present.

Name BRYAN ARMSTRONG     Atty. No. 99500     Pro Se 99500

Address 3216 W. FULTON     Attorney for _____

City/State/Zip Chicago IL 60624     Telephone ?

### ☐ PROOF OF SERVICE BY DELIVERY

I, Bryan Armstrong, ☐ the attorney ☑ non-attorney certify that on the 9-19 day of August, 2013 I served this notice by delivering a copy personally to each person to whom it is directed.

Date Aug 9, 2013

_Bryan Armstrong_
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, _____, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to _____ at _____ (address on envelope) and depositing the same in the U.S. Mail at _____ (place of mailing) at _____ a.m. p.m. on the _____ day of _____, with proper postage prepaid.

Date _____
Signature/Certification

*2013 JUL -0 PM 4:43*

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, _____, ☐ the attorney ☐ non-attorney certify that on the _____ day of _____, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (_____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. _____ at _____ a.m./p.m., from _____ (Place)

Date Aug 9, 2013

_Bryan Armstrong_
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPYORIGINAL - COURT FILE

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

City of Chicago,
    Plaintiff,

       v.

Bryan Armstrong,
    Defendant.

No. 12-M1-401040

## DEFENDANT MOTION TO DISMISS WITH PREJUDICE PURSUANT TO ILLINOIS SUPREME COURT RULE 103(b) AND 735 ILCS 5/2-203(c)

NOW COME DEFENDANT Darice Armstrong and in want of counsel, and move this

Honorable court to DISMISS WITH PREJUDICE

A. The person who attempted serving process personally was not authorized to serve process
    Under 735 ILCS 5/2-202

In support of this motion, Defendant allege:

### FACTS

1. Defendant resides at 3216 W. Fulton St. in Cook County, Illinois.

2. Defendant is the owner of the real estate located at 3216 W. Fulton St.
   County, Illinois ("Property"), which is the subject property of the matter.

3. Defendant's current residence has been Defendant's normal place of abode for a period
   beginning prior to the Plaintiff's filing of Plaintiff's said Complaint. (See Defendant's Exhibit A
   Affidavit in support of defendant's MOTION TO DISMISS

1

## LAW

4. Illinois Supreme Court Rule 103(b) provides as follows: "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant... the action as to the that defendant may be dismissed without prejudice... The dismissal may be made on the application of any defendant party or on the court's own motion."

5. Regarding Service of process upon individuals, 735 ILCS 5/2-203 (c) provides that "any person who knowingly sets forth in the certificate or affidavit any false statement, shall be

6. In Cook County, process must be served by a sheriff. *See* <u>735 ILCS 5/2-202(a)</u>, "Process shall be served by a sheriff, or if the sheriff is disqualified , by a coroner of some county of the State."

7. In other counties, "with a population of less than 2,000,000," the law provides, "*the court may, in its discretion upon motion, order* service to be made by a private person over 18 years of age and not a party to the action."

## ARGUMENTS

The so-called summons and complaint the plaintiff served upon the defendant the service is fatally flawed. The officer, Eddie Jones, was not qualified under state law to serve process.

By enforcing this duty required by law, the courts upholds the fundamental notion of fairness and also assures the benefits to the public that the law intends to provide. Defendant has insufficient notice, information and documentation of Plaintiff's cause of action in order to stand trial.

The statute provides, "For want of sufficient notice any cause may be continued from time to time until the court has jurisdiction of the defendant" (735 ILCS 5/9-107).

2

WHEREFORE, Defendant prays that this Honorable Court:

A. Quash the process service upon the defendant Darice Armstrong.

B. Quash and dismiss all supplemental orders with respect to this matter including the petition for a limited receiver.

C. Find that Plaintiff failed to serve service upon defendant.

D. Find that the person who attempted serving process personally was not authorized serve process;

E. Find that personal jurisdiction over defendant was not achieved by the Court.

F. Enter an order dismissing Defendants Darice Armstrong from all claims in this matter;

G. Enter an order vacating default judgment against Darice Armstrong

H. Hold the corporation counsel and the plaintiff ( City of Chicago) in civil contempt pursuant to 735 ILCS 5/2-203 (c);

I. Award damages to Defendants pursuant to 735 ILCS 5/2-203 (c);

J. Sanction the corporation counsel for knowingly and willingly

    1) intentionally misleading this Court to believe the Court had jurisdiction over Defendant

    2) moving forth with this action when the corporation counsel and the Plaintiffs knew, should have known or had the duty to know this Court lacked jurisdiction over Defendant;

K. Enjoin Plaintiff from entering premises of the Property or ordering anyone to enter said premises;

L. Enjoin Plaintiff from taking any dispossessory actions against Defendant with regard to the Property; and,

M. Grant Defendant any other relief as the Court deems fair and just in law and equity.


Respectfully,

*Darice Armstrong*

Darice Armstrong

# AFFIDAVIT OF BRYAN ARMSTRONG
### In support of

## Defendant's Motion To DISMISS

I, Bryan Armstrong, being of legal age and of sound mind, having been duly sworn, deposed and placed under oath, state as follows:

1. I have personal knowledge of the facts set forth in this affidavit and can competently testify to them in court;
2. I currently reside a 3216 W. Fulton Blvd., Chicago, in Cook County, Illinois.
3. The person that served the summons and complaint was not qualified to serve legal service upon the defendant.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 1-109 o the Illinois Code of Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Bryan Armstrong

8 August 13

BARBARA J SHEPARD
MY COMMISSION EXPIRES
12/12/2016

4.



DEPARTMENT OF LAW

CITY OF CHICAGO

July 30, 2013

## ATTENTION ALL TENANTS AND OCCUPANTS:

## THE COURT HAS ENTERED AN EMERGENCY VACATE ORDER IN THE HOUSING COURT CASE REFERENCED BELOW:

City of Chicago v. Bryan Armstrong
Case No. 12 M1 401040, 3216 W. Fulton Blvd

The Circuit Court of Cook County has determined that the subject premises has dangerous and hazardous conditions, which pose an immediate danger to the health and safety of all tenants and occupants. The Court has ordered that all **basement tenants and occupants** shall vacate the building, due to these dangerous and hazardous conditions.

**The City of Chicago Police Department and Department of Family and Support Services, will be at the premises on** <u>August 16, 2013</u> **at 9:30 a.m. for purposes of enforcing this vacate order, and to provide tenants and occupants with relocation assistance as necessary.**

**Please contact the City of Chicago Department of Family and Support Services, at 311 prior to this date if you require assistance in relocating from the premises.**

## ALL TENANTS AND OCCUPANTS ARE TO VACATE THE PREMISES ON OR BEFORE AUGUST 16, 2013. **At that time, all utilities at the premises will be terminated, and the premises will be boarded and secured.**

Thank you,

Michael J. Knight
Assistant Corporation Counsel
Building and License Enforcement Division
(312) 744-1043

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

)
)
)

No: 12 MI 401040

Re: 3216 W. Fulton Blvd

v.   Bryan Armstrong

et al.,
Defendant(s).

)
)
)
)
)

Courtroom 11 05, Richard J. Daley Center

## ORDER AUTHORIZING CITY ACTION AT AN UNSAFE PROPERTY

This cause coming to be heard on the set call, and the Court being fully advised of the premises, the Court finds that the subject property is dangerous and hazardous to the public health, safety and welfare and is an ongoing nuisance which requires immediate abatement, and under the authority of 65 ILCS 5/11-31-1,

IT IS HEREBY ORDERED THAT:

1.   Plaintiff, City of Chicago, is authorized to immediately enter the subject premises, with force if necessary, in order to:

[X] conduct an interior inspection with break-in authority.

[X] board and secure the premises. once vacant

[ ] remove all junk, debris, and/or other material which is hazardous or a nuisance.

[ ] remove and dispose of any abandoned or inoperable vehicle(s) which is/are hazardous or a nuisance.

[ ] take appropriate action with respect to any domestic animals.

[ ] abate, remove, and/or exterminate any rats, mice, insects or other vermin which constitute a nuisance.

[ ] remove all foliage which is a safety hazard or nuisance, including weeds, shrubbery, and/or trees.

[ ] notify

[ ] Commonwealth Edison that electrical service
[ ] Peoples Gas that gas service
[ ] the City Water Department that water service

must be shut off immediately due to dangerous and hazardous conditions at the subject premises.

[ ] repair the following: _____

[ ] enclose the following: _____

[ ] demolish the following: _____

[ ] _____

_____

2.   Pursuant to 65 ILCS 5/11-31-1(a), the costs incurred by the City regarding the action specified in paragraph 1, including court costs and attorney's fees, shall be a priority lien on the subject property. The City is granted leave to file a motion seeking approval of any and all costs incurred in the execution of this order.

3.   The City of Chicago Police Department is authorized to assist in the execution of this order.

4.   The City of Chicago shall be held harmless for any incidental damage that may occur in the execution of this order.

IT IS FURTHER ORDERED THAT this cause be continued to 08 / 20 / 13 at 9:30 (a.m.)/ p.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7 / 30 / 13                 8/20/13         Assoc. Judge Pamela Hughes Gillespie

By: _____                              JUL 30 2013

Attorney for Plaintiff/
Corporation Counsel #90909
30 N. LaSalle, Room 700                                    Circuit Court 1953
Chicago, IL 60602   (312) 744-8791

Judge   Gillespie           Courtroom 1105

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
    Plaintiff,

v.

Bryan Armstrong

    *et al.*,
    Defendant(s).

No: 12 M1 401040

Re: 3216 W. Fulton Blvd.

Courtroom 11 05, Richard J. Daley Center

## ORDER TO VACATE PREMISES

This cause coming to be heard on the set call, the Court having jurisdiction over the below-named defendant(s) and the subject matter, being fully advised in the premises, and having heard evidence and testimony,

THE COURT FINDS THAT:

1. the subject premises fails to meet minimum standards of health and safety as set forth in the applicable provisions of the Municipal Code of the City of Chicago and as stated in the complaint herein; and

2. the City has demonstrated by competent evidence that an imminent threat to health, safety, and welfare of tenants and occupants exists at the subject premises.

IT IS THEREFORE ORDERED THAT Defendant(s) Bryan Armstrong

1. Shall cause the following area(s) of the subject premises to be vacated: Entire Premises (3 Dwelling
   [ ] immediately.  [ ] within _____ hours.  [X] by 8 / 16 / 13 . units)

2. Shall maintain these vacated area(s) in a vacant and secure condition until further order of court.

3. Shall maintain all utilities (including but not limited to electricity, water, gas, and heat) to all areas of the subject premises covered by this order until such time as those areas are fully vacant and unoccupied.

4. Shall allow representatives from the City Department of Family Support Services onto the subject premises and shall not interfere with those representatives as they assist tenants and occupants in vacating the premises.

5. The City of Chicago shall be held harmless for any incidental damage that may occur in the execution of this order.

[X] If the above named Defendant(s) do/does not vacate and secure the subject premises by 8 / 16 / 13 then the City of Chicago is authorized to do so. Pursuant to 65 ILCS 5/11-31-1(a), all costs incurred by the City in executing this order, including court costs and attorney's fees, shall be a priority lien on the subject property. The City is granted leave to file a motion seeking approval of any and all costs incurred in the execution of this order.

[X] The City of Chicago is authorized to enforce this vacate order with the assistance of various city departments, including but not limited to: the Chicago Police Department, the Department of Buildings, the Department of Family and Support Services, and the Department of Streets and Sanitation.

[X] If the owner fails to board and secure the premises the city is authorized to board and secure once the
[ ] property is vacant

IT IS FURTHER ORDERED THAT this cause be set for hearing on 8 / 20 / 13 at 9:30 a.m./p.m., Courtroom 11 05, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7 / 30 / 13

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602  (312) 744-8791

FORM BLE.3002  rev. 4/2012

Assoc. Judge Pamela Hughes Gillespie

JUL 30 2013

Circuit Court 1953

Judge Gillespie    Courtroom 11 05

1 / 2

## MUNICIPAL DEPARTMENT–FIRST DISTRICT

| | | |
|---|---|---|
| THE CITY OF CHICAGO, a municipal corporation, | ) | No: 12 MI 401040 |
| Plaintiff, | ) | |
| | ) | Re: 3216 W. Fulton Blvd. |
| v. Bryan Armstrong | ) | |
| | ) | Courtroom 11 05, Richard J. Daley Center |
| et al., | ) | |
| Defendant(s). | ) | |

### ⟪⟫ RULE TO SHOW CAUSE

This cause coming to be heard on City of Chicago's Petition for Rule to Show Cause, the Court having jurisdiction over the below-named defendants and the subject matter, being fully advised in the premises, and having heard evidence and testimony,

THE COURT HEREBY FINDS:

1. That on __1__ / __22__ / __13__ , Judge __Malone__ entered an order for Defendant(s) __Bryan Armstrong__ to:

   [ ] personally appear before this Court at the next scheduled hearing.

   [X] schedule and be present for an ⟨interior / exterior⟩ inspection of the entire premises, with plans and permits on site, with the Department of Buildings.

   [ ] correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____

   [ ] board and secure the premises.

   [ ] keep the premises   vacant / boarded   and secure until further order of court.

   [ ] post notice at all levels of the   front  /  rear   porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

   [ ] apply for / obtain   all necessary building permits.

   [ ] install smoke and/or carbon monoxide detectors as required by the Chicago Municipal Code.

   [ ] register the premises as a vacant building pursuant to Municipal Code of Chicago § 13-12-125 to -128 and present proof of such registration to the Court.

   [ ] vacate the following portions of the subject premises: _____

   [ ] _____

   [ ] _____

2. That since that time Defendant(s) has/have failed to comply with said order.

THEREFORE IT IS HEREBY ORDERED THAT:

A Rule to Show Cause shall issue against the above named Defendant(s) to show cause why Defendant(s) should not be held in indirect civil contempt of court. The rule is returnable to this Court on 8 ~~20~~ 13 , at 9:30 (a.m.) p.m., Courtroom 11 05, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

8/20/13

Assoc. Judge Pamela Hughes Gillespie

HEARING DATE: __7__ / __30__ / __13__

JUL 30 2013

Circuit Court 1953

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

FORM BLE.2002  rev. 4/2012

2/3

Judge _Gillespie_     Courtroom 11 05

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
                Plaintiff,

v. Bryan Armstrong

                et al.,
                Defendant(s).

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong,

[ ] Must personally appear before this Court on the next court date.

[X] Must schedule and be present for an (interior / exterior) inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by .

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises  vacant / boarded  and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the  front / rear  porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

~~Dft shall file a prove up appearance instanter~~

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise plead and is / are in default. The complaint is confessed against said Defendant(s), and:

    [ ] an ex parte judgment in the amount of $ _____ .00 plus court costs of $_____.00   [ ] prove-up is continued for a total amount of $ _____ .00 is entered against said Defendant(s).             to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of _____ / _____ / _____ is/are in default and the complaint is confessed against said Defendants.

[X] Attorney for Char hereby withdraws her appearance.

[X] Bryan Armstrong is hereby granted leave to file an appearance by the next court date.

[X] Continued for: (case management)  trial, settlement, or dismissal  /  hearing  /  jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to 10 / 2 / 12 at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Judge Daniel B. Malone

HEARING DATE: 7 / 31 / 12

By: BJ Baker
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

JUL 31 2012

Circuit Court-2012

Judge Malone        Courtroom 1105

FORM CONS5 1001  rev 4/2012

3362
4215
4579

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. *Bryan Armstrong*

*et al.*,
Defendant(s).

No: 12 MI 401040

Re: 3216 W Fulton Blvd

Courtroom 11 05, Richard J. Daley Center

Pink Copy for Defendant(s)    (photocopy if required)    Yellow Copy for City of Chicago Department of Law    White Original for Court Records

### PETITION FOR RULE TO SHOW CAUSE

THE CITY OF CHICAGO, by the undersigned attorney, petitions this Court for the issuance of a Rule to Show Cause why

Defendant(s): *Bryan Armstrong*

should not be held in indirect civil contempt of Court, and in furtherance states as follows:

1.   That on  1 / 22 / 13 , Judge  Malone  entered an order for the above named Defendant(s) to:

[ ✓ ] personally appear before this Court at the next scheduled hearing.

[ ✓ ] schedule and be present for an  interior / exterior  inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings.

[ ] correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____.

[ ] board and secure the subject premises.

[ ] keep the subject premises   vacant / boarded   and secure until further order of court.

[ ✓ ] post notice at all levels of the   ~~front~~ / rear  porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] apply for / obtain   all necessary building permits.

[ ] install smoke and/or carbon monoxide detectors as required by the Chicago Municipal Code.

[ ] register the subject premises pursuant to the Vacant Buildings Ordinance (Municipal Code of Chicago § 13-12-125) and must present proof of such registration to the Court.

[ ] Vacate the following portions of the subject premises: _____

[ ✓ ] Must pull porch permits by the next court date.

[ ] _____

2.   That since that time said Defendant(s) has/have willfully failed to comply with said order.

WHEREFORE, Plaintiff prays that this honorable Court enter a Rule to Show Cause why Defendant(s) should not be found and adjudged in indirect civil contempt of Court. Plaintiff further moves for a continuance for a hearing on this petition on  7 / 30 / 13 , at  9:30  a.m. / p.m., Courtroom 11 05, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

### VERIFICATION BY CERTIFICATION

Pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that he/she is an attorney representing the City of Chicago, and that he/she is an authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Petition for Rule to Show Cause are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he or she verily believes the same to be true.

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791

FILED
CV-3101
MAR 26 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

2 of 2

FORM BLE 2001  rev 3/2011

4250
4215
451G

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. *Bryan Armstrong*

*et al.*,
Defendant(s).

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## Default ~~Agreed~~ ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s),
being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong

[X] Must personally appear before this Court ~~on the next court date.~~

[X] Must schedule and be present for an (interior / exterior) inspection of the entire premises, with plans and permits on site,
with the Department of Buildings, ~~before the next court date or by~~ _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____
before the next court date or by _____.

[ ] Must board and secure the premises before the next court date or by _____.

[ ] Must keep the premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____
and must keep the same vacant and secure until further order of court.

[X] Must ~~immediately~~ post notice *within units* at all levels of the ~~front~~ / (rear) porch(es) and notify all tenants and occupants that the porch(es)
are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____
days and must present proof of registration to the Court on the next court date.

[X] Must pull porch permits by the next court date.

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] Defendant(s) _____ has / have failed to appear in court
or otherwise plead and is / are in default.  The complaint is confessed against said Defendant(s), and:

    [ ] an ex parte judgment in the amount of $ _____.00 plus court costs of $____.00   [ ] prove-up is continued
    for a total amount of $ _____.00 is entered against said Defendant(s).      to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____
having failed to appear in court or otherwise plead as of the
publication default date of ____ / ____ / ____ is/are in default and the complaint is confessed against said Defendant(s).

[ ] _____

[X] Continued for: (case management / trial, settlement, or dismissal (hearing) / jurisdiction
IT IS FURTHER ORDERED THAT this cause be continued to 3 / 26 / 13 at 9:30 a.m., Courtroom 1105,
Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois. ~~Judge Daniel Brice~~ Judge Daniel B. Malone

HEARING DATE: 1 / 22 / 13

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

JAN 22 2013

Circuit Court-2012

1 of 2

Judge Malone

Courtroom 1105

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

5

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
            Plaintiff, )

v.   *Bryan Armstrong* )

      *et al.,* )
      Defendant(s). )

No: 12 MI 401040 **4215 4519**

Re: *3216 W. Fulton Blvd*

Courtroom 1105, Richard J. Daley Center

*Pink Copy for Defendant(s) (photocopy if required)*

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s)   *Bryan Armstrong*

[ ] Must file a pro se appearance instanter.

[ ] Must personally appear before this Court at the next scheduled hearing.

[✓] Must schedule and be present for an ( interior / exterior ) inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings, before the next scheduled hearing or by _____.

[ ] Must correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____ prior to the next scheduled hearing or by _____.

[ ] Must board and secure the subject premises prior to the next scheduled hearing or by _____.

[ ] Must keep the subject premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court.

[✓] Must immediately post notice at all levels of the ~~front~~ / ( rear ) porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] _____

**ADDITIONALLY, THAT:**

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] All tenants and occupants of the property are impled into the above captioned case with summons to issue.

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and

    [ ] an ex-parte judgment shall be entered against said Defendant(s) in the amount of $ _____.00 plus court costs of $_____.00 for a total amount of $ _____.00.

[ ] prove-up is continued to a later date.

[✓] *The Petition for Rule to Show Cause entered on 1/22/13 is entered and continued to the next court date.*

[✗] Continued for: ( case management ) / trial, settlement, or dismissal ( hearing ) / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to  *7 / 30 / 13*  at *9:30* a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: *3 / 26 / 13*

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791
FORM CONS5-1001 rev 3/2011

*1 of 2*

MAR 26 2013

*Pamela Gillespie*
Judge *Gillespie*      Courtroom 1105

*Yellow Copy for City of Chicago Department of Law*

*White Original for Court Records*

4215
4285
4335

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v.

Bryan Armstrong et al.,
Defendant(s).

No: 12 MI 401040

Re: 3216 W. Fulton Blvd

Courtroom 1105, Richard J. Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong

[ ] Must file a pro se appearance instanter.

[ ] Must personally appear before this Court at the next scheduled hearing.

[✓] Must schedule and be present for an interior / exterior inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings, before the next scheduled hearing or by _____.

[ ] Must correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____ prior to the next scheduled hearing or by _____.

[ ] Must board and secure the subject premises prior to the next scheduled hearing or by _____.

[ ] Must keep the subject premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court.

[ ] Must immediately post notice at all levels of the  front  /  rear  porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] _____

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[✓] The following shall be joined as defendant(s) with summons to issue: _____

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] All tenants and occupants of the property are impled into the above captioned case with summons to issue.

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and

   [ ] an ex-parte judgment shall be entered against said Defendant(s) in the amount of $ _____.00 plus court costs of $ _____.00 for a total amount of $ _____.00.

   [ ] prove-up is continued to a later date.

[✓] Default Judgment entered 10/2/12 is vacated.

[X] Continued for:  case management / trial, settlement, or dismissal  /  hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to  1 / 22 / 13  at  9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE:  11 / 13 / 12

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791
FORM CONS5 1001  rev 3/2011

Judge Daniel B. Malone
NOV 13 2012
Circuit Court-2015   Judge Malone   Courtroom 1105

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

8431   4250
3394  459  4215
401040  4219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT—FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v.

Bryan Armstrong et al.,
Defendant(s).

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

### Default ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony

IT IS HEREBY ORDERED THAT Defendant(s) _Bryan Armstrong_

[ ✓ ] Must personally appear before this Court on the next court date.

[ ✓ ] Must schedule and be present for an interior / exterior inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises    vacant / boarded    and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the    front / rear    porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date

[ ✓ ] _Must come into full compliance by the next court date._

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ✓ ] Defendant(s) _Bryan Armstrong_ has / have failed to appear in court or otherwise plead and is / are in default.  The complaint is confessed against said Defendant(s), and:

[ ✓ ] an ex parte judgment in the amount of $ _5,500_ .00 plus court costs of $ _60_ .00 for a total amount of $ _5,560_ .00 is entered against said Defendant(s).   | [ ] prove-up is continued to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of ___/___/___ is/are in default and the complaint is confessed against said Defendant(s)

[ ✓ ] _City granted leave to file a Petition for Appointment of a Limited Receiver instanter._

[ ✗ ] Continued for   case management   trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to _1/22/13_ at _9:30_ a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: _10/2/12_

By: _B. Baker_
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791

FORM CONS5.1001  rev. 4/2012

Judge Daniel B. Malone

OCT 02 2012

Circuit Court-2012

Judge Malone    Courtroom 1105

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
    Plaintiff, )

v. Bryan Armstrong )

    *et al.*, )
    Defendant(s). )

No: 12 MI 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

Pink Copy for Defendant(s) (photocopy if required)

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong,

[ ] Must personally appear before this Court on the next court date.

[X] Must schedule and be present for an interior / exterior inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date only.

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____
before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____
and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the   front / rear   porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

Bryan Armstrong shall file a pro se appearance instanter

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise plead and is / are in default. The complaint is confessed against said Defendant(s), and:

    [ ] an ex parte judgment in the amount of $ _____ .00 plus court costs of $ _____ .00    [ ] prove-up is continued
    for a total amount of $ _____ .00 is entered against said Defendant(s).     to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of ___/___/___ is/are in default and the complaint is confessed against said Defendant(s).

[X] Attorney for Chase hereby withdraws her appearance.

[X] Bryan Armstrong is hereby granted leave to file an appearance by the next court date.

[X] Continued for: case management / trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to 10 / 2 / 12 at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7 / 31 / 12   Judge Daniel B. Malone

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

FORM CONS5 1001 rev 4/2012

JUL 3 1 2012

Circuit Court-2012

Judge Malones     Courtroom 1105

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTIRCT

| | | |
|---|---|---|
| CITY OF CHICAGO; | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 12 M1 401040 |
| BRYAN ARMSTRONG; | ) | |
| DARICE ARMSTRONG; | ) | 3216 W.FULTON BLVD. |
| AEGIS FUNDING CORP.; | ) | |
| JP MORGAN CHASE BANK,NA AS | ) | 1105 |
| SUCCESSOR TO WASHINGTON MUTUAL | ) | RETURN DATE: 5/15/12 |
| BANK FA; | ) | |
| ET AL. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**APPEARANCE**

The undersigned, as attorney, enters the appearance of the Defendant,

*JPMorgan Chase Bank NA as Successor to Washington Mutual Bank*

and the law firm of Kropik Papuga and Shaw as the attorneys for said

Defendant.

_Meredith Choyke_

Name  **KROPIK, PAPUGA, & SHAW**
Attorney for **Defendant**
Address  **120 S. La Salle, Ste. 1500**
City      **Chicago, Illinois 60603**
Telephone  **(312) 236-6405**
Attorney No. 91024

The undersigned hereby certifies that on the _8TH_ day of _MAY_,
2012, before 5:00 p.m., I mailed a copy of this Appearance to the City
of Chicago Department of Law, 30 N. LaSalle St., Chicago, Illinois
60602, with proper postage paid by placing the envelope in the U.S. Mail
at 120 South LaSalle Street, Chicago, Illinois 60603.

_Attorney for_
**Defendant**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | | |
|---|---|---|
| CITY OF CHICAGO | ) | No. 12M1401040 |
| a municipal corporation, | ) | |
| | ) | Re. 3216 W FULTON BLVD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN ARMSTRONG, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## Alias Summons

Serve: **BRYAN ARMSTRONG**
  3216 W FULTON BLVD APT 2
  CHICAGO, IL 60624

**To each defendant:**

You are hereby summoned and required to file an appearance and answer to the complaint, a copy of which is attached. If you fail to answer or appear, a judgment by default may be entered against you for the relief asked for in the complaint. This cause will be heard in **Richard J. Daley Center Courtroom 1105** on **JULY 31, 2012** at **9:30A.M.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day to appear. If the service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than three days before the day for appearance.

Witness **May 15, 2012**
  (Date)

Seal of Court

Dorothy Brown
Clerk of the Circuit Court

Stephen R. Patton   Atty. No.  90909
Corporation Counsel
Attorney for Plaintiff
**By: MARIA AZLOR-ZAS**
**Assistant Corporation Counsel**
30 NORTH LASALLE ST
SUITE 700
CHICAGO, IL 60602
(312) 744-8707

By: **/s/ Corine Johnson**

Deputy Clerk

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | | |
|---|---|---|
| CITY OF CHICAGO<br>a municipal corporation, | ) ) ) | No. 12M1401040<br><br>Re. 3216 W FULTON BLVD |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BRYAN ARMSTRONG, et al., | ) ) | |
| Defendant(s). | ) | |

## Alias Summons

Serve: **DARICE ARMSTRONG**
3216 W FULTON BLVD APT 2
CHICAGO, IL 60624

**To each defendant:**

You are hereby summoned and required to file an appearance and answer to the complaint, a copy of which is attached. If you fail to answer or appear, a judgment by default may be entered against you for the relief asked for in the complaint. This cause will be heard in **Richard J. Daley Center Courtroom 1105** on **JULY 31, 2012** at **9:30A.M.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day to appear. If the service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than three days before the day for appearance.

Witness **May 15, 2012**
(Date)

Seal of Court

Dorothy Brown
Clerk of the Circuit Court

Stephen R. Patton   Atty. No. 90909
Corporation Counsel
Attorney for Plaintiff
By: **MARIA AZLOR-ZAS**
Assistant Corporation Counsel
30 NORTH LASALLE ST
SUITE 700
CHICAGO, IL 60602
(312) 744-8707

By: **/s/ Corine Johnson**

Deputy Clerk

turn to: MARIA AZLOR-ZAS 30 NORTH LASALLE ST
ITE 700 (312) 744-8707, MARIA.AZLOR-ZAS@CITYOFCHICAGO.ORG Document #: 7-2 Filed: 09/09/13 Page 2 of 3 PageID #:75
Case: 1:13-cv-06322 Document #: 7-2 Filed: 09/18/13 Page 30 of 46 PageID #:30

**BUILDING AND LICENSE ENFORCEMENT DIVISION – Conservation**
**AFFIDAVIT OF POLICE OFFICER**

[ATE OF ILLINOIS  )
OUNTY OF COO K  ) SS

**FFIDAVIT PRINT DATE:** 05/15/2012    **CASE NO:** 12M1401040  **CASE ADDRESS:** 3216 W FULTON BLVD

**IE DATE:** 07/24/12    **COURT DATE:** 07/31/12    **COURTROOM:** Richard J. Daley Center:1105

)EFENDANT: BRYAN ARMSTRONG
.DDRESS:    3216 W FULTON BLVD APT 2              2012DS-838
        CHICAGO, IL 60624

*****************************************************************************

A]   I, the undersigned, being over eighteen years of age, not a party to the action, certify that I served this **Summons and**
     **Complaint** on the defendant as follows:

     ✓  [1]   **PERSONAL SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint**
            with the named defendant personally.
     ___ [2]   **SUBSTITUTE SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** at
            the defendant's usual place of abode with some person of the family, of age of 13 years or upwards, and
            informing that person of the contents thereof. Also, a copy of the signed and sealed **Summons and**
            **Complaint** was mailed on _____, in a sealed envelope with postage fully prepaid,
            addressed to the defendant at his or her usual place of abode.
            **SAID PARTY REFUSED NAME:**

     ___ [3]   **SERVICE ON:** Corporation _____ Company _____ Business_____ Partnership_____. By leaving
            a copy of the signed and sealed **Summons and Complaint** with the registered agent, authorized person or
            partner of defendant.

[B]  The party served is described as follows:                    *SERVED*
     1.   SEX ___M___  RACE ___B___  AGE ___44___

     2.   NAME OF DEFENDANT:   **BRYAN ARMSTRONG**
          Summons served on: _Beyan  Armstrong_
          This __25__ day of ___Jul___ 20_12_ Time __2:00__ AM/PM

     Additional Remarks:

[C]  I am duly authorized to serve process in this cause and complete this return of service pursuant to 65 ILCS  5/1-2-
     11(b) (2000 as amended). Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil
     Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to
     matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the
     he verily believes the same to be true.

     Garry McCarthy, Chicago Police Superintendent, by: _____
                                    POLICE OFFICER      STAR #

                                         **ATTEMPTED SERVICES**
                                         Date Time    AM/PM
THE NAMED DEFENDANT WAS NOT SERVED:

TYPE OF BUILDING: _2/S graystone_
NEIGHBORS NAME: _____
ADDRESS: _____              19 July 12  5:20p / 1:00 pm
     **REASON NOT SERVED**
     ___ MOVED          _____ WRONG ADDRESS
     ___ DECEASED       _____ BUILDING VACANT
     ___ NO SUCH ADDRESS
     ___ VACANT LOT     ✓ NO CONTACT
     ___ UNABLE TO GAIN ENTRY

ADDITIONAL REMARKS:

STATE OF ILLINOIS )           BUILDING AND LICENSE ENFORCEMENT DIVISION – Conservation
COUNTY OF COOK ) SS          AFFIDAVIT OF POLICE OFFICER

**AFFIDAVIT PRINT DATE:** 05/15/2012     **CASE NO:** 12M1401040 **CASE ADDRESS:** 3216 W FULTON BLVD

**DIE DATE:** 07/24/12     **COURT DATE:** 07/31/12     **COURTROOM:** Richard J. Daley Center: 1105

**DEFENDANT:** DARICE ARMSTRONG
**ADDRESS:**    3216 W FULTON BLVD APT 2
            CHICAGO, IL 60624                                    *2012-05-839*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

[A]   I, the undersigned, being over eighteen years of age, not a party to the action, certify that I served this **Summons and Complaint** on the defendant as follows:

_____   **[1]   PERSONAL SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** with the named defendant personally.

✓   **[2]   SUBSTITUTE SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** at the defendant's usual place of abode with some person of the family, of age of 13 years or upwards, and informing that person of the contents thereof. Also, a copy of the signed and sealed **Summons and Complaint** was mailed on _____, in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.
**SAID PARTY REFUSED NAME:**

_____   **[3]   SERVICE ON:** Corporation _____ Company _____ Business_____ Partnership_____ . By leaving a copy of the signed and sealed **Summons and Complaint** with the registered agent, authorized person or partner of defendant.

[B]   The party served is described as follows:

1.   SEX ___M___ RACE ___B___ AGE _44_       *SERVED*

2.   NAME OF DEFENDANT:   **DARICE ARMSTRONG**

   Summons served on: _Bryan Armstrong_
   This __25__ day of __July__ 20 _12_ Time _2:00_ AM/**PM**

Additional Remarks:

[C]   I am duly authorized to serve process in this cause and complete this return of service pursuant to 65 ILCS 5/1-2-11(b) (2000 as amended). Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he verily believes the same to be true.

   Garry McCarthy, Chicago Police Superintendent, by: _Eddie Jones_ _16442_ ,
                                        POLICE OFFICER     STAR #

THE NAMED DEFENDANT WAS NOT SERVED:
TYPE OF BUILDING: __2/S Graystone__
NEIGHBORS NAME: _____
ADDRESS: _____

   **REASON NOT SERVED**
___MOVED           ___WRONG ADDRESS
___DECEASED        ___BUILDING VACANT
___NO SUCH ADDRESS
___VACANT LOT    ✓ NO CONTACT
___UNABLE TO GAIN ENTRY

ADDITIONAL REMARKS.

**ATTEMPTED SERVICES**
Date Time   AM/PM

_19 July 12   5-20 pm / 7:00 p_

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation, )
Plaintiff, )
)  No: 12 M1 401040
v. *Bryan Armstrong* )
)  Re: 3216 W Fulton Blvd.
)
) Courtroom 11 05, Richard J. Daley Center
*et al.,* )
Defendant(s). )

3362
4519

## ~~Default~~ PETITION FOR RULE TO SHOW CAUSE

THE CITY OF CHICAGO, by the undersigned attorney, petitions this Court for the issuance of a Rule to Show Cause why
Defendant(s): Bryan Armstrong _____

_____

should not be held in indirect civil contempt of Court, and in furtherance states as follows:

1.   That on **10** / **13** / **12** , Judge **Malone** entered an order for the above named Defendant(s) to:

[ ] personally appear before this Court at the next scheduled hearing.

[X] schedule and be present for an interior / exterior inspection of the entire premises, with plans and permits on site,
with the Department of Buildings.

[ ] correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____.

[ ] board and secure the premises.

[ ] keep the premises vacant / boarded and secure until further order of court.

[ ] post notice at all levels of the front / rear porch(es) and notify all tenants and occupants that the porch(es) are to be
used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] apply for / obtain all necessary building permits.

[ ] install smoke and/or carbon monoxide detectors as required by the Chicago Municipal Code.

[ ] register the premises as a vacant building pursuant to Municipal Code of Chicago § 13-12-125 to -128
and present proof of such registration to the Court.

[ ] Vacate the following portions of the subject premises: _____

[ ] _____

[ ] _____

[ ] _____

FILED
JAN 22 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

2.   That since that time said Defendant(s) has/have failed to comply with said order.

WHEREFORE, Plaintiff prays that this honorable Court enter a Rule to Show Cause why Defendant(s) should not be found and adjudged in
indirect civil contempt of Court. Plaintiff further moves for a continuance for a hearing on this petition on **3** / **26** / **13** ,
at **9:30** a.m./ p.m., Courtroom 11 **05**, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

## VERIFICATION BY CERTIFICATION

Pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that he/she is an attorney representing the City of
Chicago, and that he/she is an authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth
in this Petition for Rule to Show Cause are true and correct, except as to matters therein stated to be on information and belief and as to such
matters the undersigned certifies as aforesaid the he or she verily believes the same to be true.

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

2 of 2

15

FORM BLE.2001  rev. 4/2012

CO 10020-HP06-f02

8.   Subsequent court decisions have held that §2-1301 is to be liberally applied.  Green v. Myers, 106 Ill.App.3d 541, 436 N.E.2d 43 (1st Dist. 1982).

9.   This Court has jurisdiction to consider the subject matter of this motion pursuant to 735 ILCS 5/2-1301(e).

10.   In this case, substantial justice will be served only by vacating the default judgment entered against Defendant and allowing the case to proceed to trial on its merits.

WHEREFORE, Defendant, Bryan Armstrong, respectfully requests this Court:

A.   Vacate the ex parte, default order against Defendant, Bryan Armstrong;

B.   Grant Defendant leave to file an appearance instanter, and

C.   Quash and Dismiss all supplemental orders with respect to this matter, and order that all funds garnished or turned over be immediately returned to Defendant's possession.

D.   Grant any other relief this Court deems just.

Bryan Armstrong
Pro Se Defendant

Bryan Armstrong
Pro Se
3216 W. Fulton 2nd Floor
Chicago, IL 60624
(312) 388-9192
#99500

CO 10020-HP06-402

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

City of Chicago,
Plaintiff,

v.

Bryan Armstrong,
Defendant.

FILED - 12

12 OCT 30 AM 10: 47

CLERK OF THE CIRCUIT COURT
CIVIL DESIGN
DOROTHY BROWN CLERK

No. 2012-M1-401040

## DEFENDANT'S MOTION TO VACATE DEFAULT

Defendant, Bryan Armstrong, *pro se*, moves this Court pursuant to 735 ILCS 5/2-1301, to vacate any *ex parte* default orders entered against him in the instant case. In support of this Motion, Defendant states:

1.　　On October 2, 2012 Defendant's case was scheduled to be heard at 9:30 a.m. in 1105.

2.　　Defendant did not appear at the scheduled hearing because Defendant did not at first realize that he must enter an appearance if he is to contest this action successfully. He has a meritorious defense: he should not be held liable for the conditions of the building at issue herein since he quitclaimed his ownership interest therein to Darice Armstrong in 2007.

3.　　In the Defendant's absence, an *ex parte* order was entered in favor of the Plaintiff.

4.　　Defendant filed this motion within 30 days of the entry the *ex-parte* order.

5.　　This matter was not decided on the merits and Defendant requests an opportunity to be heard.

6.　　Defendant has at all times been diligent in the defense of this cause of action and at all times careful in the preservation of his rights.

7.　　A court may set aside any final order or judgment if it finds that it is reasonable to do so. Reid v. Adkins, 48 Ill.2d 402, 270 N.E.2d 841 (1971). In Reid, the Illinois Supreme Court established that the test for § 2-1301 motions is "whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." Id. at 406.

CARPLS © 2010

CO 10020-HP03-f01

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

City of Chicago,
    Plaintiff,

v.

Bryan Armstrong,
    Defendant.

No. 2012 M1 401040

## NOTICE OF MOTION

To:

Glenn Angel
Senior Asst. Corporation Counsel
City of Chicago Law Department
30 N. LaSalle St.  Suite 700
Chicago, IL 60602

**PLEASE TAKE NOTICE** that on November 13, 2012, at 11:00 a.m., or as soon thereafter as I may be heard, I shall appear before the Honorable Judge Presiding in Courtroom 1105 of the Richard J. Daley Center, 50 W. Washington Blvd., Chicago, IL 60602, and shall then and there present the attached Motion, a copy of which is hereby served upon you.

Bryan Armstrong
*Pro Se*
3216 W. Fulton 2nd Floor
Chicago, IL 60624
(312) 388-9192
#99500

## CERTIFICATE OF SERVICE

I, Bryan Armstrong, a non-attorney, certify that I served a copy of the foregoing document to each person to whom it is directed at their respective addresses by depositing a copy with pre paid postage in the United States mail, at 50 W. Washington Blvd., Chicago, IL 60602, at or before the hour of 5:00 p.m on October 30, 2012.

Bryan Armstrong

3352
4215

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT-FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,  )
    Plaintiff,  )

    v.  )

Bryan Armstrong *et al.*, Defendant(s).  )

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1102 Richard J. Daley Center

Pink Copy for Defendant(s) (photocopy if required)

~~EMERGENCY~~ PETITION FOR APPOINTMENT OF A LIMITED GENERAL RECEIVER (circle one)

The City of Chicago ("City"), by its attorney, the Corporation Counsel, pursuant to 65 ILCS 5/11-31-1, 5/11-31-2 and 5/11-13-15 petitions the Court to appoint a receiver, with the powers granted and duties imposed upon receivers by courts and by statutes, until further order of Court. In support of this Petition, City states as follows:

1. Plaintiff, City, is a municipal corporation, authorized by 65 ILCS 5/11-31-2 (2004) to seek appointment of a receiver to correct conditions that fail to conform to minimum standards of health and safety;

2. The subject premises ("Premises") is located within the City of Chicago, and defendants are owners of or have an interest in Premises;

3. City filed this suit against defendant(s), alleging that dangerous and hazardous conditions exist at Premises. These dangerous and hazardous conditions pose an imminent threat of irreparable harm and injury to the health, safety and welfare of the public and the occupants of Premises;

4. Defendant(s) has/have failed to correct, after due notice, these unsafe and/or unhealthy building conditions;

5. Equitable remedies other than the appointment of a receiver are inadequate in this case because, on information and belief, defendants have failed and are not currently able or willing to abate the unhealthy and/or unsafe conditions in the premises. The conditions which now exist at the premises will remain unabated without the appointment of a receiver, and will result in the loss of salvageable property, as well as irreparable harm to the subject property's occupants, neighbors of the premises and the general public; and

6. Applicant's bond should be excused, and the surety bond waived, pursuant to 65 ILCS 5/11-31-2.3 (2004).

WHEREFORE, the Plaintiff, City of Chicago, respectfully requests that this Court:

A. Appoint a:   [ ]  General Receiver
                    [1]  Limited Receiver, with powers granted and duties imposed as specified in paragraph B below

until further order of court.

B. Authorize and order the receiver to enter into possession of the premises and to perform the following duties:

    [ ] Prepare a feasibility study regarding the care, management, and repair of the subject property;

    [ ] Vacate the subject property, which includes, but is not limited to, refunding any existing security deposits owed to tenants if they are being permanently relocated, hiring movers and arranging for transportation to new residences;

    [ ] Board and secure the subject property or board and secure the subject property after it is vacated;

    [ ] Collect rent, if the subject property is occupied and will not be vacated;

    [✓] Make repairs;

    [✓] Abate any dangerous and hazardous conditions at the subject property, including:

    [✓] *rear porch*

C. Authorize the receiver to retain counsel pursuant to Circuit Court Rule 8.2.

D. Authorize the receiver to employ agents to assist in the performance of his/her receivership duties.

E. Enjoin and restrain defendants from interfering with or obstructing the receiver's performance of her receivership duties;

F. Upon the appointment of the receiver, the owner(s) and/or owner's agent(s) shall provide to the receiver access to all areas of the building and deliver master keys for all units within 24 hours, along with all items and materials necessary for the receiver to perform his or her duties including rent rolls and access to all financial accounts within seven days.

G. Excuse applicant's bond and receiver's bond pursuant to 65 ILCS 5/11-31-2.3.

H. Authorize the receiver to issue receiver's certificates for the costs and expenses of the receivership.

I. Continue this matter for a receiver's report and determination of whether a general receivership of the premises is feasible.

### VERIFICATION BY CERTIFICATION

Pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that he or she is an attorney for the City of Chicago, and that he/she is the authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Petition are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he or she verily believes the same to be true.

By: _____

Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602
(312) 744-8791

FORM BLE.5001  rev. 3/2011

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

FILED
2012
DOROTHY BROWN
CLERK OF CIRCUIT

5631 4250
3352 4519 4215
4219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation, )
     Plaintiff, )
v. )
Bryan Armstrong *et al.*, )
     Defendant(s). )

No: 12 MI 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

Pink Copy for Defendant(s) (photocopy if required)

### Default ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony;

IT IS HEREBY ORDERED THAT Defendant(s) **Bryan Armstrong**

[✓] Must personally appear before this Court on the next court date.

[✓] Must schedule and be present for an ⟨interior⟩ / exterior inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by _____.

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ before the next court date or by _____.

[ ] Must board and secure the premises before the next court date or by _____.

[ ] Must keep the premises vacant / boarded and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the front / rear porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

[✓] must come into full compliance by the next court date.

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[✓] Defendant(s) **Bryan Armstrong** has / have failed to appear in court or otherwise plead and is / are in default. The complaint is confessed against said Defendant(s), and:

[✓] an ex parte judgment in the amount of $ 5,500 .00 plus court costs of $ 60 .00 for a total amount of $ 5,500 .00 is entered against said Defendant(s).

[ ] prove-up is continued to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of ___/___/___ is/are in default and the complaint is confessed against said Defendant(s)

[✓] City granted leave to file a petition for Appointment of a Limited Receiver instanter.

[✓] Continued for ⟨case management⟩ trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to 1 / 22 / 13 at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 10 / 2 / 12

By: P3 Baker
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602  (312) 744-8791

Judge Daniel B. Malone
OCT 02 2012
Circuit Court-2012

Judge Malone
Courtroom 1105

FORM CONS5 1001 rev 4/2012

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,                )
      Plaintiff,                )
                   )
v.                )
Bryan Armstrong *et al.*, Defendant(s).                )

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1112 Richard J. Daley Center

~~EMERGENCY~~ PETITION FOR APPOINTMENT OF A (LIMITED) GENERAL RECEIVER (circle one)

The City of Chicago ("City"), by its attorney, the Corporation Counsel, pursuant to 65 ILCS 5/11-31-1, 5/11-31-2 and 5/11-13-15 petitions the Court to appoint a receiver, with the powers granted and duties imposed upon receivers by courts and by statutes, until further order of Court. In support of this Petition, City states as follows:

1. Plaintiff, City, is a municipal corporation, authorized by 65 ILCS 5/11-31-2 (2004) to seek appointment of a receiver to correct conditions that fail to conform to minimum standards of health and safety;

2. The subject premises ("Premises") is located within the City of Chicago, and defendants are owners of or have an interest in Premises;

3. City filed this suit against defendant(s), alleging that dangerous and hazardous conditions exist at Premises. These dangerous and hazardous conditions pose an imminent threat of irreparable harm and injury to the health, safety and welfare of the public and the occupants of Premises;

4. Defendant(s) has/have failed to correct, after due notice, these unsafe and/or unhealthy building conditions;

5. Equitable remedies other than the appointment of a receiver are inadequate in this case because, on information and belief, defendants have failed and are not currently able or willing to abate the unhealthy and/or unsafe conditions in the premises. The conditions which now exist at the premises will remain unabated without the appointment of a receiver, and will result in the loss of salvageable property, as well as irreparable harm to the subject property's occupants, neighbors of the premises and the general public; and

6. Applicant's bond should be excused, and the surety bond waived, pursuant to 65 ILCS 5/11-31-2.3 (2004).

**WHEREFORE**, the Plaintiff, City of Chicago, respectfully requests that this Court:

A. Appoint a:     [ ]  General Receiver
                  [1]  Limited Receiver, with powers granted and duties imposed as specified in paragraph B below
until further order of court.

B. Authorize and order the receiver to enter into possession of the premises and to perform the following duties:

     [ ]  Prepare a feasibility study regarding the care, management, and repair of the subject property;

     [ ]  Vacate the subject property, which includes, but is not limited to, refunding any existing security deposits owed to tenants if they are being permanently relocated, hiring movers and arranging for transportation to new residences;

     [ ]  Board and secure the subject property or board and secure the subject property after it is vacated;

     [ ]  Collect rent, if the subject property is occupied and will not be vacated;

     [✓]  Make repairs;

     [✓]  Abate any dangerous and hazardous conditions at the subject property, including:

     [✓]  *rear porch*

C. Authorize the receiver to retain counsel pursuant to Circuit Court Rule 8.2.

D. Authorize the receiver to employ agents to assist in the performance of his/her receivership duties.

E. Enjoin and restrain defendants from interfering with or obstructing the receiver's performance of her receivership duties.

F. Upon the appointment of the receiver, the owner(s) and/or owner's agent(s) shall provide to the receiver access to all areas of the building and deliver master keys for all units within 24 hours, along with all items and materials necessary for the receiver to perform his or her duties, including rent rolls and access to all financial accounts within seven days.

G. Excuse applicant's bond and receiver's bond pursuant to 65 ILCS 5/11-31-2.3.

H. Authorize the receiver to issue receiver's certificates for the costs and expenses of the receivership.

I. Continue this matter for a receiver's report and determination of whether a general receivership of the premises is feasible.

### VERIFICATION BY CERTIFICATION

Pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that he or she is an attorney for the City of Chicago, and that he/she is the authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Petition are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he or she verily believes the same to be true.

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602
(312) 744-8791

FORM BLE.5001   rev. 3/2011

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

FILED
MAR 22 2012
DOROTHY BROWN
CLERK OF CIRCUIT

4231  4250
3792  4519  4215
4219

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT–FIRST DISTRICT**

THE CITY OF CHICAGO, a municipal corporation,                )
      Plaintiff,                )
                       )

v.                )

Bryan Armstrong et al.,                )
      Defendant(s).                )

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## Default ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony.
IT IS HEREBY ORDERED THAT Defendant(s) **Bryan Armstrong**

[✓] Must personally appear before this Court on the next court date.

[✓] Must schedule and be present for an interior / exterior inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises vacant / boarded and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the front / rear porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

[✓] Must come into full compliance by the next court date.

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[✓] Defendant(s) **Bryan Armstrong** _____ has / have failed to appear in court or otherwise plead and is / are in default. The complaint is confessed against said Defendant(s), and:

[✓] an ex parte judgment in the amount of $ 5,500 .00 plus court costs of $ 60 .00 [ ] prove-up is continued for a total amount of $ 5,560 .00 is entered against said Defendant(s).      to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ _____ having failed to appear in court or otherwise plead as of the publication default date of ___/___/___ is/are in default and the complaint is confessed against said Defendant(s).

[✓] City granted leave to file a Petition for Appointment of a Limited Receiver instanter.

[✓] Continued for case management, trial, settlement, or dismissal / hearing / jurisdiction
IT IS FURTHER ORDERED THAT this cause be continued to 1 / 22 / 13 at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 10 / 2 / 12

By: Baker
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791

FORM CONS5.1001  rev 4/2012

Judge Daniel B. Malone
OCT 02 2012
Circuit Court-2012

Judge Malone          Courtroom 1105

Pink Copy for Defendant(s)  (photocopy if required)
Yellow Copy for City of Chicago Department of Law
White Original for Court Records

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CITY OF CHICAGO
**Plaintiff/Petitioner**

v.

BRYAN ARMSTRONG
**Defendant/Respondent**

No. 12M1401040

Calendar _____

### ORDER

    This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, **IT IS HEREBY ORDERED;**

**Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:**

☐   The applicant is permitted to sue or defend without payment of fees, costs or charges. Fees for the reproduction of any documents contained in the court file or the electronic docket are not waived without specific order of court. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☐   The application is denied for the following reason(s): _Over Guidelines_ _____

_____

_____

☐   Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                                    **(date)**                                     **(date)**

_____

**ENTERED**

OCT 30 2012

DOROTHY BROWN
CLERK OF CIRCUIT COURT

**ENTERED:**

Dated: _Oct 30, 2012_ _____

_____ 1930
**Judge**                                 **Judge's No**

**Payment should be made by cash, money order or cashier's check, directly to the Clerk of the Circuit Court of Cook County at the courthouse where you filed your application.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

7. **Fill out this section if you are currently married.**

My spouse's name is DARICE ARMSTRONG . My spouse is (*check one*):

☑ Employed as a(n) Mail Handler and the name of his/her employer is POST OFFICE

During the last year my spouse earned $ 48,000 (before taxes). My spouse expects to earn $ 48,000 (before taxes) in the upcoming year.

☐ Unemployed as of _____.

☐ Retired and is receiving social security benefits and/or a pension in the amount of $ _____ per month.

8. **Dependents:**

The following are the names and ages of the minor children and any other people who are dependent on me for support (*List full name and age*):

Trevon ELLIS , 7    Ariana Armstrong 2    _____ , ___

Brandon ELLIS , 3    _____ , ___    _____ , ___

9. **Other Expenses:**

☑ I am paying child support in the amount of 130.00 per month.

☐ I am paying spousal support (alimony) in the amount of $ _____ per month.

☐ My monthly living expenses (not including child or spousal support payments) in the amount of $ 500.00 per month.

10. Under the penalty of perjury (a Class 3 Felony), I, the undersigned, certify (*answer yes or no to each statement and sign your name.*)

| | |
|---|---|
| 1) **This application must be completely filled out.** | ☑ Yes ☐ No I have knowledge of the facts stated in this application. |
| 2) **Please also submit:** | ☑ Yes ☐ No To the best of my knowledge, the statements set forth in this application are true and correct. |
| a. **Order to Sue or Defend as an Indigent Person** | ☑ Yes ☐ No I believe in good faith that I have a meritorious claim or defense. |
| b. **Legible copy of all pleadings (Not required in Domestic Relations cases)** | ☑ Yes ☐ No I am unable to proceed in this action if required to pay the fees, costs, and charges. |
| | ☑ Yes ☐ No I and/or my family will suffer substantial hardship if required to pay the fees, costs, and charges. |
| 3) **You may be required to submit:** | ☐ Yes ☐ No I have reviewed the United States Department of Health and Human Services Poverty Guidelines and belive my income is 125% or less of the current poverty level. |
| a. **Photo ID** | |

Atty. No.: _____

Name: Bryan Armstrong

Atty. for: PRO-SE

Address: 3216 W. FULTON

City/State/Zip: Chicago IL

Telephone: (312) 388-9192

Signature of Applicant

Dated: 10-30-2012

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

735 ILCS 5/5-105

# INFORMATION SHEET FOR
## LEAVE TO SUE OR DEFEND AS AN INDIGENT PERSON

**(a)** As used in this section:

(1) *"Fees, costs, and charges"* means payments imposed on a party in connection with the prosecution or defense of a civil action, including, but not limited to: filing fees; appearances fees; fees for service of process and other papers served either within or outside this State, including service by publication pursuant to Section 2-206 of this Code and publication of necessary legal notices; motion fees; jury demand fees; charges for participation in, or attendance at, any mandatory process or procedure including, but not limited to, conciliation, mediation, arbitration, counseling, evaluation, "Children First", "Focus on Children" or similar programs; fees for supplementary proceedings; charges for translation services; guardian ad litem fees; charges for certified copies of court documents; and all other processes and procedures deemed by the court to be necessary to commence, prosecute, defend, or enforce relief in a civil action.

(2) *"Indigent person" means any person who meets one or more of the following criteria:*

(i) He or she is receiving assistance under one or more of the following public benefits programs: Supplemental Security Income (SSI), Aid to the Aged, Blind and Disabled (AABD), Temporary Assistance for Needy Families (TANF), Food Stamps, General Assistance, State Transitional Assistance, or State Children and Family Assistance.

(ii) His or her available income is 125% or less of the current poverty level as established by the United States Department of Health and Human Services, unless the applicant's assets that are not exempt under Part 9 or 10 of Article XII of this Code are of nature and value that the court determines that the applicant is able to pay the fees, costs and charges.

(iii) He or she is, in the discretion of the court, unable to proceed in an action without payment of fees, costs, and charges and whose payment of those fees, costs, and charges would result in substantial hardship to the person or his or her family.

(iv) He or she is an indigent person pursuant to Section 5-105.5 of this Code. [This states that "indigent person" means a person whose income is 125% or less of the current official federal poverty guidelines or who is otherwise eligible to receive civil legal services under the Legal Services Corporation Act of 1974. (42 U.S.C.A. Sec. 2996 et. seq.)]

**(b)** On the application of any person, before or after the commencement of an action, a court, on finding that the applicant is an indigent person, shall grant the applicant leave to sue or defend the action without payment of the fees, costs and charges of the action.

**(c)** An application for leave to sue or defend an action as an indigent person shall be in writing and supported by the affidavit of the applicant or, if the applicant is a minor or an incompetent adult, by the affidavit of another person having knowledge of the facts. The contents of the affidavit shall be established by Supreme Court Rule.

**(d)** The court shall rule on applications under this Section in a timely manner based on information contained in the application unless the court, in its discretion, requires the applicant to personally appear to explain or clarify information contained in the application. If the court finds that the applicant is an indigent person, the court shall enter an order permitting the applicant to sue or defend without payment of fees, costs or charges. If the application is denied, the court shall enter an order to that effect stating the specific reasons for the denial. The clerk of the court shall promptly mail or deliver a copy of the order to the applicant.

**(e)** The clerk of the court shall not refuse to accept and file any complaint, appearance, or other paper presented by the applicant if accompanied by an application to sue or defend in forma pauperis, and those papers shall be considered filed on the date the application is presented. If the application is denied, the order shall state a date certain by which the necessary fees, costs, and charges must be paid. The court, for good cause shown, may allow an applicant whose application is denied to defer payment of fees, costs, and charges, make installment payments, or make payment upon reasonable terms and conditions stated in the order. The court may dismiss the claims or defenses of any party failing to pay the fees, costs, or charges within the time and in the manner ordered by the court. A determination concerning an application to sue or defend in forma pauperis shall not be construed as a ruling on the merits.

**(f)** The court may order an indigent person to pay all or a portion of the fees, costs, or charges waived pursuant to this Section out of monies recovered by the indigent person pursuant to a judgment or settlement resulting from the civil action. However, nothing in this Section shall be construed to limit the authority of a court to order another party to the action to pay the fees, costs, or charges of the action.

**(g)** A court, in its discretion, may appoint counsel to represent an indigent person, and that counsel shall perform his or her duties without fees, charges, or reward.

**(h)** Nothing in this Section shall be construed to affect the right of a party to sue or defend an action in forma pauperis without the payment of fees, costs, or charges, or the right of a party to court appointed counsel, as authorized by any other provision of law or by the rules of the Illinois Supreme Court.

**(i)** The provisions of this Section are severable under Section 1.31 the Statute on Statutes. See (5 ILCS 70/1.31)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CIVIL DIVISION 1ST MUNICIPAL DISTRICT

PLAINTIFF: CITY CHICAGO

V.

DEFENDANT: 3216 W FULTON BLVD

====> CASE NUMBER: 12-M1-401040
====>
====> CLAIMED $ : $5,500.00
====>
====> RETURN DATE: ***************
====>
====> COURT DATE :
====>
====> ROOM & TIME:

APPEARANCE

GENERAL APPEARANCE -- 0904 - 30 DAY DEFERMENT

THE LIST BELOW REPRESENTS THE APPEARANCE OF THE DEFENDANT

ARMSTRONG BRYAN

_____
SIGNATURE

__ INITIAL COUNSEL OF RECORD       X PRO SE (SELF-REPRESENTED)
__ ADDITIONAL APPEARANCE           __ SUBSTITUTE APPEARANCE

PRO SE CODE: 99500

NAME    : ARMSTRONG BRYAN
ATTY FOR :
ADDRESS : 3216 W FULTON 2ND FL
CITY/ST/ZP: CHICAGO        IL 60624
TELEPHONE : 312-388-9192

*********************************************************
*                    IMPORTANT                          *
*                                                       *
* ONCE THIS APPEARANCE FORM IS FILED, PHOTOCOPIES OF THIS FORM MUST BE SENT *
* TO ALL OTHER PARTIES NAMED IN THIS CASE (OR TO THEIR ATTORNEYS) USING EITHER *
* REGULAR MAIL, FACSIMILE TRANSMISSION (FAX) OR PERSONAL DELIVERY. (SEE *
* ILLINOIS SUPREME COURT RULES 11 AND 13 FOR MORE INFORMATION.) *
*********************************************************

I CERTIFY THAT A COPY OF THE WITHIN INSTRUMENT WAS SERVED ON ALL PARTIES WHO
HAVE APPEARED AND HAVE NOT HERETOFORE BEEN FOUND BY THE COURT TO BE IN DEFAULT
FOR FAILURE TO PLEAD.

_____
PRO SE

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(This form replaces CCM 0009)  CCG N009-200M-6/5/03(                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL _____ DEPARTMENT/FIRST _____ DISTRICT

CITY OF CHICAGO
                                                        Plaintiff
v.

BRYAN ARMSTRONG, et al.
                                                        Defendant

No. 12 M1 401040

Claimed $: $5,500 per day

Return Date: _____

Court Date: _____

Room No.: 1105   9:30

Address of Court District for Filing

### APPEARANCE ~~AND JURY DEMAND~~*

☑ General Appearance    ☑ 0900 - Fee Paid    ☐ 0909 - No Fee
                        ☐ 0904 - Fee Waived    ☐ 0908 - Trial Lawyers Appearance - No Fee

☐ Jury Demand*          ☐ 1900 - Appearance and Jury Demand/Fee Paid
                        ☐ 1909 - Appearance and Jury Demand/No Fee Paid

The undersigned enters the appearance of:  ☐ Plaintiff   ☑ Defendant

JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUT.
(Insert Litigant's Name)

_____
Signature

☑ Initial Counsel of Record     ☐ Pro Se (Self-represented)
☐ Additional Appearance          ☐ Substitute Appearance

☑ ATTORNEY NO.: 43703 _____     ☐ PRO SE: 99500
(Please complete the following contact information.)
Name: Smith & Weik, LLC

Atty. for: Defendant JP Morgan Chase Bank, NA

Address: 1011 Lake Street, Suite 412

City/State/Zip: Oak Park, IL, 60301

Telephone: (708) 386-9540

> ### Important
> Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, facsimile transmission (fax) or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)

*Strike demand for trial by jury if not applicable.

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Application and Affidavit to Sue or Defend as an Indigent Person

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CITY of Chicago
Plaintiff/Petitioner

} No. 12M1401040

v.

BRYAN ARMSTRONG
Defendant/Respondent

Calendar _____

### APPLICATION AND AFFIDAVIT TO SUE OR DEFEND AS AN INDIGENT PERSON

1. My Name is **Bryan Armstrong** and I am **45** years old.

   I live at (do not provide a P.O. Box #) **32 Me W. FULTON 2nd Flr Chicago IL 60624**

   My phone number is **(312) 388 - 9192**.

2. I am filing this application for (check one):
   - ☑ Myself
   - ☐ A minor whose name is _____ and who is _____ years old.
   - ☐ An incompetent adult whose name is _____ and who is _____ years old.
   - ☐ Other (Please explain) _____

3. I have retained an attorney to represent me in this matter (check one): ☐ Yes ☐ No  The attorney's name is: _____

4. Assets:

   I own (check all that apply):      Live w/ Parents
   - ☐ Real Estate, which is located at _____
   - ☐ I estimate the value of the property to be $ **0**
   - ☐ Automobile or other vehicle - Make **Chevie Impala** Year **06** Estimated Value $ **3500**
   - ☐ Jewelry, estimated value $ **0**
   - ☐ Cash and/or bank accounts in the amount of $ **0**
   - ☐ Any other property value, estimated value $ **0**

5. Fill out this section (and skip section #6, below) if you are currently employed:

   I am employed as a(n) _____ and the name of my employer is _____

   My employer can be reached by telephone at (_____) _____. During the last year I earned $ _____ (before taxes). I expect to earn $ _____ (before taxes) in the upcoming year.

   My other sources of income are (check all that apply): ☐ SSI ☐ Public Aid ☐ Food Stamps or Illinois LINK Card ☑ Family Assistance ☐ Child Support or Spousal Support (alimony) ☐ Disability ☐ Pension ☐ Social Security ☐ Other (Please specify) _____

   The total income from these sources is $ **250** per month.

6. Fill out this section if you are currently not working:

   I have been unemployed or retired since **3/11/2012**. My last job was as a(n) **Postal Clerk** and my former employer was **Post Office**.

   My sources of income are (check all that apply): ☐ Unemployment ☐ SSI ☐ Public Aid ☐ Food Stamps or Illinois LINK Card ☑ Family Assistance ☐ Child Support or Spousal Support (alimony) ☐ Disability ☐ Pension ☐ Social Security ☐ Other (Please specify) _____

   The total income from these sources is $ **250** per month.

3331
3372

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT – FIRST DISTRICT

12 MAY 18 PM 2: 35

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 M1 401040 |
| | ) |
| BRYAN ARMSTRONG, et al., | ) Address: 3216 W. Fulton Blvd |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

TO:    Assistant Corporation Counsel
       30 North LaSalle Street, Suite 700
       Chicago, Illinois 60602

       Please take notice that on May 18, 2012, we filed with the Clerk of the Circuit Court, Richard J. Daley Center, 50 W. Washington Chicago, Illinois 60602, the attached Appearance of Smith & Weik, LLC on behalf of Defendant, JP Morgan Chase Bank, NA, as Successor to Washington Mutual Bank FA, a copy of which is hereby served upon you.

       _____
       Attorney for Defendant, JP Morgan Chase
       Bank, NA, as Successor to Washington
       Mutual Bank FA

Smith & Weik, LLC
1011 Lake Street, Suite 412
Oak Park, IL, 60301
(708) 386-9540
Attorney Code 43703

## PROOF OF SERVICE

       The undersigned ~~attorney~~ non-attorney certifies, deposes and says upon oath that he served the above Notice, together with true and accurate copies of the above stated instruments upon the above named parties at said addresses in a properly addressed, postage pre-paid envelope and deposited same in a U.S. Mailbox at 1011 Lake Street, Oak Park, Illinois at or before the hour of 5:00 p.m. on May 18, 2012.

       Signed and Certified:

       _____